UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21021-CIV-JORDAN/DUBÉ

KAREN HUTCHINGSON,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Petition for Attorney Fees and Costs filed by the Plaintiff (D.E. #17) pursuant to an Order of Referral entered by the Honorable Adalberto Jordan, United States District Judge. This Court has reviewed the motion, the response by the Government and the file in this cause.

On February 22, 2011, a Final Judgment was entered by Judge Jordan adopting the Report and Recommendation issued by Judge Dubé and entering judgment in favor of the Plaintiff. (D.E. #23).

The present motion for attorney's fees seeks an award of fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA"). The motion indicates that 5.50 hours were spent on this case, at the rate of $ 175.27 per hour, for a total fee recovery sought of $963.99. The Government's Response indicates no objection to a payment of EAJA fees in that amount, and acknowledges that the Plaintiff has obtained a signed fee agreement assigning any fee under the EAJA to the Plaintiff's attorney. However, the Government's Response indicates that based on Ratliff, the EAJA fee is

payable to the Plaintiff as the litigant and subject to satisfy any pre-existing debt that the litigant owes to the United States. <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010). The Government's Response further indicates that if no debt is owed by the Plaintiff, the check should be made payable to the Plaintiff's attorney. However, if there is a debt owed by the Plaintiff, any remaining amount following offset shall be made payable to the Plaintiff and mailed the Plaintiff's attorney.

Counsel for the Plaintiff has not filed a reply to the Government's response and the time provided for in the Rules has passed.

This Court has reviewed the affidavit of counsel for the Plaintiff and finds that both the amount of time expended and the hourly rate requested are reasonable, and that the total amount sought by the Plaintiff for fees should be awarded. This Court notes that the Plaintiff assigned any EAJA fees to be paid directly to his attorneys. (D.E. #17, pg. 7).

Additionally, this Court notes that in <u>Ratliff</u>, the Supreme Court held that EAJA fees award is payable to the litigant and subject to a government offset to satisfy a pre-existing debt that the litigant owes the United States. <u>Ratliff</u>, 2524. In the instant matter, any pre-existing debt owed to the United States is subject to offset. However, since there is an Assignment of EAJA fees directly to the attorney, once the pre-existing debt, if any, is satisfied, any remaining balance shall be made payable to counsel for the Plaintiff.

Accordingly, it is the recommendation of this Court that the Petition for Attorney Fees and Costs (D.E. #17) be **GRANTED** and that the Plaintiff should be entitled to recover for **5.50** hours of work performed in this case at the rate of $175.27 per hour, resulting in a total recovery of **$963.99** as attorney's fees. In accordance with the agreement of counsel, the fees should be payable to the Plaintiff's attorney, Elizabeth R. Read, subject to offset to satisfy any preexisting debt that the

Plaintiff owes to the United States. Id.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Adalberto Jordan, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this __28__ day of February, 2011.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE